not paying attention here to my crew took me a while to unpack myself so thank you good morning your honors may it please the court my name is Robin Wolpert and I represent the appellant Mario Smith in this matter all parties agree that mr. Smith's sentence on count three is unlawful under Johnson because he's not an armed career criminal mr. Smith's sentence on count one is also unlawful because he is not a career offender mr. Smith's attorney let me stop you on that point if he had just been sentenced under count one as a career offender what would be the basis for relief it would be ineffective assistance of counsel your honor because he would not have been able to pursue his guidelines claim on post-conviction if it hadn't been raised on direct appeal so if he was just sentenced on count one after Johnson overruled Sykes his argument is the application of the Sykes decision and the career offender guidelines after Johnson overruled that was not the case at the time of sentence but if he had been able to raise it on direct appeal your honor that would have been something that he would have been able to raise on direct appeal if he'd been able to raise a challenge to the career offender enhancement well under Sun Bear if you don't raise your your guidelines claims on direct review ordinarily they're not cognizable on post-conviction right when was the direct appeal was completed in 2015 before John's a week before Johnson and your honor Johnson's not out Johnson doesn't invalid agree wasn't a career offender and yeah that's just not right your honor he's not a career offender because his counsel was constitutionally ineffective saying all agree the government doesn't agree to that I'm no I didn't say I'll agree I'm sorry I'll agree that his ACA sentence is unconstitutional what is is where you're if if he were to be resentenced I mean this issue is is about the concurrent sentence doctrine versus the sentencing package repay resentencing on a package deal right that's one of the issues you were saying that that the district court should not have applied the concurrent sentence doctrine correct that's correct so what would happen if so so you you came out of the gate saying all the parties agree that he's currently no longer a CCA yes so if he went back to resentencing what would happen is that what you're saying he wouldn't be a career offender at that point because of the current guidelines in effect at the time of resentencing your honor there are two pathways for mr. Smith to raise his ineffective assistance of counselor guidelines claims well if I can just interrupt I'm not I'm I thought you had two claims one was whether the district court erred in applying the concurrent sentence yeah okay that's the one I'm asking that's one basis not the I see so okay so is that what you're saying is if we went back to resentencing and applied the wouldn't be a career offender is that what you're saying under section 2255 there's a two-step process for a remedy so if you're successful under Johnson and the ACA sentence is unconstitutional the court vacates and then has four options for a remedy so our argument is after Johnson was decided rendering mr. Smith ACA enhancement unconstitutional the proper remedy was to vacate that unlawful sentence and then decide what to do if the court vacated under this court's precedent then the law of the case would no longer apply and the court would resentence under the current guidelines so that's one way that mr. Smith would have been able to be resentenced based on Johnson and also be able to not only argue that the current sentencing guidelines apply which no longer what cases has agreed with that analysis that was your honor Ted well and Parker together as well as the pepper decision from the United States Supreme Court but I do want to the concern here is that if the ACCA sentence really had nothing to do with the sentence on count one then to give the relief you're suggesting is just arguably seems like a backdoor way of applying the career offender guideline amendments retroactively your honor may respond so yeah I'd like to hear what you say about I do want to emphasize at first we do have a motion to supplement the record which demonstrates that mr. Smith appellate attorney knew about Johnson and the possibility of overruling Sykes and nevertheless believed that he could raise the guidelines challenge later on post conviction so that's one way that the required to examine whether or not that count one sentence was appropriate secondly of all under the sentencing package doctrine counts one and three were interdependent and because they were interdependent with our recent decision and right yes your honor but those kids we submitted us a 28 J letter responding to the government we don't believe that that decision is controlling here it's distinguishable in many in many ways I think it is frankly but in mr. Smith's case first of all we have counts one and three group together for purposes of calculation under the guidelines we have a PSR and the government's position saying concurrent sentences on counts one and three the the sentence if the sentence on count one was not influenced by the ACCA aspect of count three but was the was the the sentence that the court would have imposed on count one regardless respectfully you're distinguishing of Eason is just no is not right respectfully your honor the arguments that I just raised that they were grouped together for purposes the calculation all of that that in that indicates that the court had a single decision-making calculus for the decision to sentence the identical sentence of 220 months for counts one and three so the two counts influence each other more interdependent you can say that and it's and theoretically it catches together but it's not the real world your honor I would point it's not the way sentencing does I mean grouping grouping has a specific guidelines impact and and and here it was to to make the count one in the independent sentence predominate your honor I respectfully disagree and I would point the court to Henry Davis the Eleventh Circuit's decision where the where the defendant there got the same concurrent sentences on two counts and because they were grouped together Eason is controlling your honor Eason you can take this to the court in Bank or my client or my colleagues can disagree but I mean I think they can agree with you Eason is distinguishable but I'm not seeing how your honor it's distinguishable because number one we have a situation here where mr. Smith had an unconstitutional act a sentence and that is undisputed by all parties secondly of all he had a golf that was true in Eason and here mr. Smith has career offender claims that under gall it is inappropriate to apply the indeterminate residual clause to him to enhance his sentence under count one gall that gall does not gall does not Beckles is the controlling authority effective effect of Johnson on guidelines issues your honor respectfully that is distinguishable and in Macmillan this court held that on direct appeal that application of the career offender enhancement after Beckles and after Johnson overruled Sykes and chambers in James we're not talking direct appeal direct appeal is a completely you know Beckles is irrelevant on a direct appeal it is your honor and that's why we have an ineffective assistance of counsel claim that had counsel raised these issues on direct appeal then they would have been cognizable that's a freestanding argument it is a freestanding argument but it does not it doesn't affect whether the other argument which is you can get around Beckles by by the sentencing package doctor it is part of the prejudice that mr. Smith faces with respect to the courts analysis of the concurrent sentence doctrine it's one of the prejudices he faced because his claim was never addressed and it is not a Beckles claim it is a Macmillan claim that was successful in this court and had direct appeal counsel raised it on appeal this court would have remanded for sentencing and mr. Smith would have been able to raise his guideline claims so I would point the court to Macmillan also your honor you mentioned Eason at the rehearing stage yes so if we were on direct appeal and direct appeal counsel had raised the guidelines claims where mr. Smith all along had said Sykes should not apply to me if that had been one of those claims that had been erased on direct appeal it was obviously viable during Johnson okay how about the first step back that was enacted last last month does that impact this case do you think well we would have to we would ask that the court remand for resentencing and we have amendment 782 that would apply that were the earlier retroactive drug amendments and we would have to see whether those apply here but your honor we have made a motion to supplement the record to add an exhibit to the record that email exchange with mr. Smith's appellate attorney indicating that the attorney chose to raise the guidelines claims later knowing that your honor that was there was no evidentiary hearing so that was never rate that was never put into the record so at the very least we believe that there is reason to believe that a direct appeal counsel made a strategic decision that was totally wrong under Sun Bear it was there was no upside to ever waiting for guidelines claims to be raised on post conviction and so given that the that the appellate attorney made that strategic choice we would at least ask for a remand on the evidentiary record but I would also at least ask the court to grant the motion and I do have copies of that email for the court if the court at this hearing is willing to grant our motion I see that my time is is running down and I would like to we did we were waiting for the court's ruling before attaching the the exhibit your honor we can't you know that that's not that's not the best way to do it thank you your honor I mean if you if you put in what what you want to stop if you don't put it what you want to supplement the record with it is so extraordinary to supplement a record on appeal understood your honor and this is an extraordinary case without seeing what you're talking about we can't we can't and I have it here today if the court would like to see what I'm talking about hand it up today but you better you better supplement your motion thank you Mr. Genrich. May it please the court good morning your honors counsel David Genrich on behalf of the government and I'd like to cover I think at least three areas this morning one is why the government believes Eason does control with respect to the concurrent sentence doctrine question second is the discussion about golf Sykes and Macmillan as sort of freestanding claims and third is other considerations under the IAC claim so first with respect to Eason the government would argue and submit that it's on all fours with this case both factually and procedurally and then with respect to the standard applied in Eason would be applied in the same way in this case to affirm the district courts exercise of discretion to apply the concurrent sentence doctrine in Eason the defendant was convicted on two counts that are at issue in this case but in Eason didn't everyone agree that he would still be a career offender regardless even upon any kind of resentencing that wasn't part of the Eason analysis your honor was that as a factual matter part of Eason that really what they were the dispute was a collateral I know that I'm sorry go right in I'm sorry I apologize under the ACCA and Eason I know the issue was about juvenile adjudications and the ACCA that creates a divisibility problem with juvenile adjudications under Minnesota law for use of a dangerous weapon could you adjust that microphone I'm actually not sure if that same analysis would have applied to the career offender but the takeaway in Eason from the government's perspective is what the court held in Eason is that where the career offender guidelines range at the time of sentencing at the time he was originally sentenced is not driven by the ACA mandatory minimum which we know in this case as we did in Eason because the 220 month sentence is 40 months higher than the 180 mandatory minimum and where there's no prejudice from not correcting the alleged error on the ACCA sentence so your your position is that in Eason there was no analysis as to whether upon a resentencing on the sentencing package doctrine whether or not he would remain a career offender you're saying that that was not addressed by the parties or conceded or not conceded what the Eason opinion reveals on that question your honor is in footnote 2 I believe and what footnote 2 indicates is that defendant in Eason argued that he wanted to be resentenced under the sentencing package doctrine because he felt he might get a lower sentence on the career offender count it doesn't reveal whether the parties agreed whether he would still be subject to a career offender lower sentence but not necessarily I would not be a career offender not necessarily I don't I don't think that's evident from from the opinion your honor and I apologize I don't know from the record what difference would that make to the analysis I don't believe it would make a difference what the court held in Eason is that a district court may apply the concurrent sentence doctrine if the guidelines range at the time of sentencing on the career offender account was unaffected by the ACCA if the sentence imposed in this case 220 months just as an Eason was not driven by the 180 mandatory minimum and where there's no showing of prejudice all of those conditions are satisfied in this case with respect to the concurrent sentence doctrine now to judge Kelly's question and in yours as well judge Carlton if you if there was a sentencing package analysis and if a district court was resentencing and the district court decided which guidelines manual applied which may be different on remand than it is in the first instance on a 2255 as the court knows from Tidwell and from Brinkman I believe if all those are met certainly there'd have to be an analysis about career offender but but Eason did not at all turn on application of the concurrent sentence doctrine as to whether the career offender guidelines would apply now it turned on whether correcting that that ACCA count demonstrates any infirmary with infirmity with the the career offender count and it doesn't it didn't an Eason under the standard set forth any infirmity at the original sentencing correct would have affected yeah correct huh what do you think Eason meant in the footnote when it said that the contention misconstrued the sentencing package doctrine well it cites right for that proposition and in right the district court corrected the ACCA sentence but left the other sentences untouched and what I think the footnote means with respect to misconstrued the sentencing package doctrine is that the sentencing package doctrine isn't a trump card for the concurrent sentence doctrine in other words if a district court properly exercises its discretion and determines that the concurrent sentence which is lawful was imposed and not affected by the ACCA then a defendant can't say well I get to be resentenced on that count anyway under the sentencing package doctrine that's sentencing package doctrine was adopted by circuit courts is the courts aware when when you when the court decides that a district court may the court that a district court has imposed a sentence that is a bundle and that this and the court decides there was air in some respect and the circuit court the courts have said that we're not going to figure out whether our decision about the sentencing air would mean that the district court would maintain its prior sentence because in a case where sentences are bundled perhaps perhaps their sentencing intent would no longer be satisfied based on our decision that sentencing package doctrine which operates primarily in remand to allow a district court to reevaluate its sentence when this court finds air it is not the controlling analysis here well does that depend on whether it was quote-unquote bundled in the first place it depends said that I think that's what you were saying I think the sentencing pen to package doctrine incorporates principles of bundling and interdependence but those principles don't inform the concurrent sentence doctrine under its application and Eason in this courts other cases if it was because there was no bundling is my point though is that because in Eason you're saying there was no interdependence between the two counts I think that's right there had been then it might be a different case is that the upshot of it I think that's right as the court is equating interdependence with the ACCA enhancement affecting the career offenders guidelines that's what I thought yes I interdependence interdependence isn't a word that's used so much in the concurrent sensing doctrine but I agree your honor it is it is largely the similar concept as expressed in Eason but it requires how do we know in this case that the ACCA sentence didn't affect count one because the guidelines calculations that ended on an offense level of 37 I believe were driven by the career offender guidelines the ACCA effect on the guidelines actually would have left the guidelines that I think offense level 34 so the career offender guidelines drove the advisory guidelines range and the 220 month sentence demonstrates that the 180 mandatory minimum did not drive the district court sentence that was a factor cited in Eason and just as an Eason there's been no showing of does the First Step Act affect the prejudice analysis your honor I can't say I am we have received word of the First Step Act my response to the court would be that if the defendants entitled to relief under the First Step Act there were motions already being filed in a system in place in our district handle those for re-hearing in Eason that that's pending that says it does affect it not necessarily the prejudice aspect but I think that's where you have that's where you're going it affects prejudice meaning the collateral consequences your honor if the concurrent sentence analysis right I think I think the answer then to the question is no I do not believe the First Step Act would affect the Eason analysis insofar as the guidelines for the the career offender at the original sentencing were not impacted by the ACCA account in other words you could correct the ACCA account and it would have no but that that only that is only that is only dominant if there's no prejudice I thought that the concurrent sentence doctrine does not apply if if there are any collateral consequences or I mean that's part of sentencing packaging but if the no impact turns on on no no impact so if the First Step Act isn't it I don't know if it's an exception to Beckles or an overruling of Beckles or what it is because it hasn't been fleshed out yet but it seems to affect what would happen if you remand if you on a Johnson remand were it with a multi-count conviction I think perhaps the safest answer for me and representing the government at this point runners to say that the first act claim if there is one has not been raised in this case and has not been briefed and argued and I wouldn't want to give an inaccurate answer but if the then wouldn't there be a collateral consequence to leaving in effect the sentence on count three only if you assumed that you could not for example if you got to the point of remedy and sentencing package doctrine and what do we do it doesn't necessarily follow that you would have to resentence on count one and right for example the court only resentence the ACCA account and not the count one count now so we're now in the sentencing package doctrine with respect to interdependence on relief I think it's where the court the court suggesting not not whether the district court necessarily abuses discretion on concurrent sentencing but if any relief is is required would you have to resentence on the career offender count based on the First Step Act is no that wasn't my I'm sorry I was on collateral consequences so part of the concurrent sentence analysis right there's this collateral consequences and which I take it which means if you leave in effect the ACCA sentence even though it was wrong or even though it would there be a collateral consequence well the collateral consequence would be that any future reduction on count one would be believe so certainly if there was a separate basis for relief on resentencing on count one on the First Act Step Act yeah would survive I think the courts I think the court summary of the prejudice prong is correct in that the inquiry is if we leave the ACC account in place is the defendant prejudiced not if we don't resentence on count one is the defendant prejudice that would create all sorts of backdoors as the court already suggested and what the Eason court held was that for example supervised release if you leave the ACC count in place is there prejudice Eason court decided no with respect to supervised release the defendant in this case hasn't even argued prejudice as to supervised release now the defendant has argued prejudice in the sense of I think I could get a lower sentence on count one if I'm resentenced in that court that argument was rejected and footnote student to an Eason and furthermore in this case on the record the district court said that even if I resentenced I would give the same 220 month sentence which I don't wish the government doesn't necessarily believe this court has to rely on in resolving this case under Eason but it is a factor that's not present in many of the other cases where for example there's a remand after the sentencing package doctrines applied well footnote 2 says the argument was that the sentencing package doctrine requires recap it says must the argument was that it must that the original sentence was the type of package that must be reconfigured entirely once is a CCA sentences vacant now since the pack sentencing package doctrine is judicially create created to shape how discredit discretionary decision is made that argument was was misunderstood both the origins and the nature of the sentencing package doctrine but if that doesn't that doesn't that rejecting that doesn't mean that if if there was a serious reason to think that that this one sentence would be affected your honors as the author of your argument is well if it isn't affected by the Johnson error then it's not fair game I don't know that Eason goes that far no it doesn't your honor that Eason applies the concurrent sentence doctrine had the ACCA designation affected the career offender guideline even though it's only the ACCA count that's unconstitutional and its application the sentence clearly Eason contemplated remand for resentencing although in Eason there's no indication whether the district court had stated it would have imposed the same sentence which again is a factor here that's not present even in Eason but the district court I mean what we're reviewing is the district courts decision that I'm I'm just I'm just applying the concurrent sentence doctrine because the 220 months stays the same and I'm not sure that I think the issue is whether that was an these two doctrines gave the court in this strange world I for the reason stated in the government's brief and this morning I do believe was an appropriate exercise if I could just in my remaining time talk a bit about the gall Sykes McMillan argument I think it'll be a quick question about the ineffective assistance of counsel we've certainly said that counsel doesn't have to predict doesn't need a crystal ball to or be required to have one to anticipate a change in the law if I have the timing right here however the mandate hadn't issued by the time Johnson did come down is that changed the analysis am I right that that this decision the appellate court decision for mr. Smith came down maybe the 19th and then the 26th Johnson came down there would have been time for a petition for a rehearing by the panel does that affect the analysis well it's certainly not an argument made here your honor first in terms of of where we stand in the briefing and the claims made I the claim made here is that the appellate counsel should have noticed Johnson in its direct appeal and I don't believe what the court has just recited does affect that claim was the council ineffective for not seeking a petition for cases in some instances Batson had been handed down and the court's doctrine with respect to anticipating changes changes in the law was firmly applied and it's been applied in a variety of circumstances since Batson in instances where counsel were clearly aware that a change in the law was possible I don't think the mandate is controlling and particularly under the arguments made in this case your honor it could I ask to leave at the court for one minute on the or on the Macmillan or no okay it's in the brief and I don't understand how Gall applies to this at all so I very well your honor thank you your time for rebuttal oh yep there it is yes thank you your honor um first I do want to counsel should have moved to stay the mandate that there was plenty of time to do that so that is actually an argument that we raised going back to Eason and the applicability it is in the reply brief for sure which is which is untimely of course by myriad of our decisions we don't consider things first I was just trying to remember where we are so I believe it was raised in yes that there were multiple stages during the direct appeal process where counsel could have asked the court either through a 28 J letter or through a motion to stay the proceedings or for motion for supplemental briefing that counsel could have raised the impact of Johnson on the on the pending appeal with respect to the case where where the failure to ask for rehearing was the basis for appellate counsel I have not found such a case your honor with respect to Eason and the applicability of Eason I would just distinguish it again on additional grounds to those in our letter which is that this court or the district court could not have reimposed the sentence that was not only was it did it exceed the statutory maximum but it also was unconstitutional so under 2255 the first step would have been to vacate the sentence and then correct or resentence and so given the vacation you're talking about sentencing as opposed to determining range I mean Booker is now 13 years old the court obviously could have imposed the same sentence by by reason of variance I would point it might have been might or might not be substantively unreasonable but the court wasn't there a 200 month variance to downward to get to 220 yes your honor but I would point the court to Harlow and gray where I think those decisions are instructive on this very question of whether the court could have imposed the same sentence given the constitutional and statutory claims raised are those well the vindictive principle no I don't think so no I would also point the court to Evans where which preceded Eason where the court clearly applied the sentencing package doctrine and sent a case back for resentencing because the counts were grouped together and the cases cited in our brief regarding your brief and your time's up counsel thank you your honor thank you counsel case has been effectively briefed and argued and we'll take it under advisement